# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-1401V

| | |
|---|---|
| W.R., | Chief Special Master Corcoran |
| Petitioner, | Filed: February 21, 2023 |
| v. | Order; Motion for Redaction; Special Processing Unit (SPU); Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Jessica Ann Wallace, Siri & Glimstad, LLP, New York, NY,* for Petitioner.

*Alexa Roggenkamp, U.S. Department of Justice, Washington, DC,* for Respondent.

### ORDER GRANTING MOTION TO REDACT[1]

On October 15, 2020, W.R. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq. (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré Syndrome ("GBS") caused by the influenza vaccine she received on January 28, 2020. Petition at 1, ¶ 37. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 10, 2023, I issued a decision awarding Petitioner an amount agreed upon by the parties. ECF No. 47. On January 24, 2023, Petitioner filed a timely motion for redaction. ECF No. 49.

For the reasons stated below, I hereby grant Petitioner's Motion, and order that her name be redacted to initials in the Decision issued on January 10, 2023.

---

[1] Because this unpublished Order contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **In light of my conclusion below, I intend to post this Order with a redacted caption**. To the extent Petitioner would seek further redaction, in accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.

### I.   Petitioner's Motion for Redaction

Petitioner requests that I "amend the caption to show her initials only in this decision and any other pleading or decision going forward." Petitioner's Motion for Redact and to Amend Caption ("Motion") at 1. Due to her profession as the sole proprietor of an interior design firm, Petitioner argues that the disclosure of her medical condition "could very likely impact her current and future customers' decision on whether to hire her for their coordination/design projects." *Id.* at 2-3. Emphasizing the underlying purpose of the Vaccine Act's public disclosure requirements" (*id.* at 2) – to inform the public, Petitioner maintains that "the redaction that is the subject of this request has nothing to do with the public's awareness of vaccines or vaccine injuries, and the redaction of her name to initials in no way would hamper a public reader's ability to understand the basis of this claim" (*id.* at 3).

In his response – filed on February 7, 2023, "[R]espondent defers to the sound discretion of the Special Master to determine which remedy strikes the appropriate balance between the public and private interests in this instance." Response to Petitioner Motion to Redact Decision at 5, ECF No. 50. He adds that he "does not believe it is appropriate to advocate in favor of disclosure of petitioner's information in any particular case, including this one, but rather defers to the Special Master's judgment as to whether petitioner's Motion should be granted." *Id.*

Petitioner did not file a reply. The matter is now ripe for resolution.

### II.   Legal Standard

I have previously discussed in other decisions the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health & Hum. Servs.*, No. 12-0312V, 2015 WL 11387761, at *2-4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*, 123 Fed. Cl. 497 (2015) (denying a request to redact petitioner's name and description of illnesses). Generally, information provided in vaccine proceedings may not be disclosed without the written consent of the party providing the information. Section 12(d)(4)(A); Vaccine Rule 18(a). The Act requires disclosure of the decisions of the special masters or the court but provides for redaction of certain categories of information – "medical files and similar files" – but only if the disclosure of such information "would constitute a clearly unwarranted invasion of privacy." Section 12(d)(4)(B); *accord.* Vaccine Rule 18(b).

The Vaccine Rules allows the initials of a minor to be used in the petition's caption when filed. Vaccine Rule 16(b). Although adult petitioners' names are not afforded this

automatic protection, they may be redacted if the movant establishes proper grounds for so doing. *See generally W.C. v. Sec'y of Health & Hum. Servs.*, 100 Fed. Cl. 440, 460-61 (Fed. Cl. 2011) *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013) (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision); *but see Langland v. Sec'y of Health & Hum. Servs.*, No. 07-0036V, 2011 WL 802695, at *7-8 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013) (petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing). There is a notable public interest in knowing the vaccination and medical information related to a petitioner's injury but no public interest in knowing a petitioner's name. *A.K. v. Sec'y of Health & Human Servs.*, No. 09-0605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013).

*W.C.* and *Langland* stand as two somewhat-opposed interpretations of how strict the standard for obtaining redaction should be. *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*, 100 Fed. Cl. at 460-61; *K.L.*, 2015 WL 11387761, at *2-3. In either case, however, a petitioner needs to make *some* showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.*, 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). I have permitted redaction in cases where such a specialized showing was made without reconciling these two competing standards or choosing one over the other. *See, e.g.*, *K.L. v. Sec'y of Health & Hum. Servs.*, No. 12-0312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting petitioner's second request to redact only her name to initials which was accompanied by additional information regarding the potential harm she may suffer regarding her employment).

### III. Analysis

I have previously discussed in other orders the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health & Hum. Servs.*, No. 12-0312V, 2015 WL 11387761, at *2-4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*, 123 Fed. Cl. 497 (2015) (denying a request to redact petitioner's name and description of illnesses). Generally, information provided in vaccine proceedings may not be disclosed without the written consent of the party providing the information. Section 12(d)(4)(A); Vaccine Rule 18(a). The Act requires disclosure of the decisions of the special masters or the court but provides for redaction of certain categories of information – "medical files and similar files" – but only if the disclosure of

such information "would constitute a "**clearly unwarranted** invasion of privacy." Section 12(d)(4)(B); *accord.* Vaccine Rule 18(b).

Under the correct standard, a petitioner's general concern for privacy, shared by many vaccine case petitioners, is not sufficient to warrant redaction, especially when there is a strong public interest in the information's disclosure. *See W.C.*, 100 Fed. Cl. at 461. In this case, Petitioner has presented a credible argument establishing that the ability to easily link her to the Decision issued on January 10, 2023, may adversely affect her work. *See* Motion at 2-3. And she correctly asserted that identifying information such as her full name serves no public disclosure interest. *Id.*

The Vaccine Rules allows the initials of a minor to be used in the petition's caption when filed. Vaccine Rule 16(b). Although adult petitioners' names are not afforded this automatic protection, they may be redacted if the movant establishes proper grounds for so doing. *See generally W.C. v. Sec'y of Health & Hum. Servs.*, 100 Fed. Cl. 440, 460-61 (Fed. Cl. 2011) *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013) (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision); *but see Langland v. Sec'y of Health & Hum. Servs.*, No. 07-0036V, 2011 WL 802695, at *7-8 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013) (petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing).

There is a notable public interest in knowing the vaccination and medical information related to a petitioner's injury, but no public interest *per se* in knowing a petitioner's name. *A.K. v. Sec'y of Health & Hum. Servs.*, No. 09-0605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013). Here, I find that granting Petitioner's request to redact her name to reflect her initials only has both been justified by the Motion, and is not contrary to the Program's policy concerns about publicizing its entitlement decisions,

### IV.     Conclusion

For the reasons set forth above, I hereby determine that Petitioner has established grounds for redaction of her name in the Decision issued on January 10, 2023, and I therefore **GRANT** **the motion filed by Petitioner on January 24, 2023, at ECF No. 49.**

**The Clerk of this Court is hereby instructed to change the caption of this case to the caption above.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master