# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1401V
UNPUBLISHED

| | |
|---|---|
| W.R.,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: January 10, 2023<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Jessica Ann Wallace, Siri & Glimstad, LLP, New York, NY, for Petitioner.*

*Alexa Roggenkamp, U.S. Department of Justice, Washington, DC, for Respondent.*

**DECISION AWARDING DAMAGES**[1]

  On October 15, 2020, W.R. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain‑Barré Syndrome ("GBS") caused by the influenza vaccine she received on January 28, 2020. Petition at 1, ¶ 37. The case was assigned to the Special Processing Unit of the Office of Special Masters.

  On July 9, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her GBS. On January 10, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded all items of compensation set forth in the life care plan filed with the Proffer as Tab A – the first year of these expenses totaling $2,160.81 to be paid to Petitioner and an annuity contract as described in II.B. purchased to provide all other life care items; compensation in the amount of $951,605.00 for her past and future lost wages; compensation in the amount of $145,000.00 for her past and future pain and suffering; and compensation in the

---

[1] When this unpublished Decision was originally filed, I advised my intent to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), Petitioner filed a timely motion to redact certain information. This Decision is being posted with Petitioner's name redacted to reflect initials only. Except for that change and this footnote, no other substantive changes have been made. This Decision will be posted on the court's website with no further opportunity to move for redaction.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

amount of $48,929.91 for her past unreimburseable expenses. Proffer at 2-4. All amounts awarded for future lost wages and pain and suffering have been reduced to net present value pursuant to Section 15(f)(4)(A). Proffer at 2. In the Proffer, Respondent represented that Petitioners agree with the proffered award. *Id.* Based on the record as a whole, I find that Petitioners are entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award the following:**

A. **A lump sum in the amount of $<u>1,147,695.72</u>, representing compensation in the amounts of $2,160.81 for the first-year life care expenses, $951,605.00 for actual and projected lost wages $145,000.00 for actual and projected pain and suffering, and $48,929.91 for actual unreimbursable expenses, in the form of a check payable to Petitioner; and**

B. **An amount sufficient to purchase the annuity contract described in Section II.B of the Proffer, representing compensation for additional life care expenses.**

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

▓▓▓▓▓▓▓▓,

          Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

          Respondent.

No. 20-1401V
Chief Special Master Corcoran
ECF

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On October 15, 2020, ▓▓▓▓▓▓▓ ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered an injury pursuant to the Vaccine Injury Table, namely Guillain Barré Syndrome ("GBS"), resulting from an influenza ("flu") vaccination that she received on January 28, 2020. Petition at 1. On July 9, 2021, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report conceding that compensation under the Vaccine Act is appropriate in this case, and the Chief Special Master issued a Ruling on Entitlement, finding that petitioner is entitled to compensation. ECF No. 22, ECF No. 24.

**I.**    **Items of Compensation**

    A.    Life Care Items

Respondent engaged a life care planner to provide an estimation of petitioner's future vaccine injury-related needs. For the purposes of this proffer, the term "vaccine injury" is as described in respondent's Rule 4(c) Report. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for ▓▓▓▓▓▓▓ attached hereto as Tab A. Respondent proffers that petitioner

should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

      B.     Lost Earnings

The parties agree that based upon the evidence of record, ▇▇▇▇▇ has suffered past loss of earnings and will suffer future loss of earnings as a result of her vaccine related injury. Therefore, respondent proffers that petitioner should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for ▇▇▇▇▇ past and future lost earnings is $951,605.00. Petitioner agrees.

      C.     Pain and Suffering

Respondent proffers that petitioner should be awarded $145,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

      D.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $48,929.91. Petitioner agrees.

**II.**    **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[1]

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

A. A lump sum payment of $1,147,695.72, representing compensation for life care expenses expected to be incurred during the first year after judgment ($2,160.81), lost earnings ($951,605.00), pain and suffering ($145,000.00), and past unreimbursable expenses ($48,929.91) in the form of a check payable to petitioner, ▮.

B. An amount sufficient to purchase an annuity contract,[2] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[3] from which the annuity will be purchased.[4] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, ▮ only so long as petitioner is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth in the chart at Tab A

---

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

3

describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

    1.    <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

    2.    <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, ▓▓▓▓ is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of ▓▓▓▓ death.

    3.    <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.**    **<u>Summary of Recommended Payments Following Judgment</u>**

    A.    Lump Sum paid to petitioner, ▓▓▓▓    **$1,147,695.72**

    B.    An amount sufficient to purchase the annuity contract described above in section II.B.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

<u>/s/Alexa Roggenkamp</u>
ALEXA ROGGENKAMP
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
(202) 616-4179
alexa.roggenkamp@usdoj.gov

Dated: January 9, 2023

**Appendix A:  Items of Compensation for** ███████       Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1<br>2023 | Compensation Year 2<br>2024 | Compensation Years 3-5<br>2025-2027 | Compensation Years 6-13<br>2028-2035 | Compensation Years 14-Life<br>2036-Life |
|---|---|---|---|---|---|---|---|---|
| Insurance MOP | 5% |   |   | 1,000.00 | 1,000.00 | 1,000.00 |   |   |
| Medicare Part B Deductible | 5% |   |   |   |   |   | 226.00 | 226.00 |
| Medigap | 5% |   | M |   |   |   | 1,770.24 | 1,770.24 |
| Medicare Part D | 5% |   | M |   |   |   | 519.48 | 519.48 |
| Primary Care Physician | 5% | * |   |   |   |   |   |   |
| Neurologist | 5% | * |   |   |   |   |   |   |
| Physiatry | 5% | * |   |   |   |   |   |   |
| Pain Mngt | 5% | * |   |   |   |   |   |   |
| EMG | 5% | * |   |   |   |   |   |   |
| MRI | 5% | * |   |   |   |   |   |   |
| Lab Testing | 5% | * |   |   |   |   |   |   |
| Gym Membership | 4% | * |   | 419.88 | 419.88 | 419.88 |   |   |
| Physical Therapy Evaluation | 4% | * |   |   |   |   |   |   |
| Physical Therapy | 4% | * |   |   |   |   |   |   |
| Counseling | 4% | * |   |   |   |   |   |   |
| Tablet | 4% |   |   | 449.00 | 89.80 | 89.80 | 89.80 | 89.80 |
| ADLs | 4% |   |   | 150.00 | 75.00 | 15.00 | 15.00 | 15.00 |
| Handheld Shower | 4% |   |   | 42.43 | 8.49 | 8.49 | 8.49 | 8.49 |
| Shower Chair | 4% |   |   | 38.39 | 7.68 | 7.68 | 7.68 | 7.68 |
| Advil | 4% |   |   | 61.11 | 61.11 | 61.11 | 61.11 | 61.11 |
| Gabapentin | 4% | * |   |   |   |   |   |   |
| Trazedone | 4% | * |   |   |   |   |   |   |
| Home Health Care | 4% |   | M |   |   |   | 5,824.00 | 8,736.00 |
| Lost Earnings |   |   |   | 951,605.00 |   |   |   |   |
| Pain and Suffering |   |   |   | 145,000.00 |   |   |   |   |
| Past Unreimbursable Expenses |   |   |   | 48,929.91 |   |   |   |   |
| Annual Totals |   |   |   | 1,147,695.72 | 1,661.96 | 1,601.96 | 8,521.80 | 11,433.80 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($2,160.81), lost earnings ($951,605.00), pain and suffering ($145,000.00), and past unreimbursable expenses ($48,929.91): $1,147,695.72.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.