# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1401V

| | |
|---|---|
| W.R.,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: October 23, 2023 |

*Jessica Ann Wallace, Siri & Glimstad, LLP, Aventura, FL,* for Petitioner.

*Alexa Roggenkamp, U.S. Department of Justice, Washington, DC,* for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On October 15, 2020, W.R. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered Guillain-Barré syndrome caused by an influenza vaccine she received on January 28, 2020. Petition, ECF No. 1. On January 10, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 47.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $92,501.16 (representing $90,647.00 in fees, and $1,854.16 in costs). Petitioner's Application for Attorney's Fees and Costs ("Motion"), filed June 16, 2023, ECF No. 57. In accordance with General Order No. 9, Petitioner filed a signed statement representing that she incurred no out-of-pocket expenses. ECF No. 54.

Respondent reacted to the motion on July 14, 2023, noting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 58. On July 18, 2023, Petitioner filed a reply reiterating her fees request. ECF No. 59.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees and costs to be awarded appropriate, for the reason stated below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

2

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

*A. Attorney Hourly Rates*

Petitioner requests hourly rates for attorneys performing work in this matter as follows:

|  | **2020** | **2021** | **2022** | **2023** |
|---|---|---|---|---|
| Jessica A. Wallace, Esq. | $231 | $241 | $275 | $285 |
| Debra Gambella, Esq. | X | $380 | $394 | $409 |
| Daisy Mazoff, Esq. | X | X | $375 | $389 |
| Wendy Cox, Esq. | X | X | X | $475 |

The hourly rates requested for Ms. Wallace are reasonable and consistent with prior determinations, and will therefore be awarded herein. The rates requested for the other three attorneys, however, require adjustment.

Ms. Gambella has been a licensed attorney since 2009 (ECF No. 57 at 10), and Ms. Mazoff has been a licensed attorney since 2011 (*Id.* at 11), placing them both in the rage of attorneys with 11-19 years' experience based on the OSM Attorneys' Forum Hourly Rate Fee Schedules.[3] Although the requested rates are within the appropriate experience ranges, Ms. Gambella and Ms. Mazoff do not have significant demonstrated Vaccine Act experience. See *Humphries* v. *Sec'y of Health & Hum. Servs.*, No. 17-288V, 2021 WL 5444097, at *3 (Fed. Cl. Spec. Mstr. Oct. 26, 2021) (establishing Ms. Gambella's first hourly rate in the Vaccine Program in 2021); and *Carroll* v. *Sec'y of Health & Hum. Servs.*, No. 19-1125V, Slip Op. 103 (Fed. Cl. Spec. Mstr. Mar. 10, 2023) (establishing Ms. Mazoff's first hourly rate in the Vaccine Program in 2022).

It is therefore improper for Ms. Gambella and Ms. Mazoff to receive rates established for comparably-experienced counsel who also have lengthy experience in the Program. See *McCulloch* v. *Sec'y of Health and Hum. Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in

---

[3] The Attorneys' Fee Schedule are available at http://www.cofc.uscourts.gov/node/2914.

the legal community and community at large). **Rather, I find it reasonable to compensate Ms. Gambella at the lesser rate of $380 per hour, and Ms. Mazoff at the lesser rate of $375 per hour for their time billed in the 2022-23 timeframe.** This reduces the amount of fees to be awarded herein by **$341.70**.[4]

Ms. Cox similarly does not have demonstrated vaccine act experience, with this matter being her first Program case. See ECF No. 57 at 13. Ms. Cox has been a licensed attorney since 2005 (*Id.* at 12), placing her in the range of attorneys with 11-19 years' experience based on the OSM Attorneys' Fee Schedules. Her requested rate of $475 is therefore excessive, since rates on the higher end of the experience ranges are usually awarded only to those attorneys with significant experience in the Vaccine Program. *See McCulloch*, 2015 WL 5634323 at *17. Accordingly, **I find it reasonable to compensate Ms. Cox at the lesser rate of $390 for all time billed in the 2022-23 timeframe.** This further reduces the amount of fees to be awarded herein by **$892.50**.[5] Petitioner's attorneys' are, however, entitled to rate increases in the future (for coming years), as they demonstrate more experience in the Vaccine Program.

### B. Paralegal Tasks Billed at Attorney Rates

In addition to the aforementioned hourly rate reductions, there are several instances in which tasks that are considered paralegal in nature were billed at attorney hourly rates in this matter. Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to that of a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human. Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human. Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human. Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Upon review of the billing records, approximately 44.20 hours were billed on tasks considered paralegal in nature.[6] Counsel is admonished that "[t]asks that can be

---

[4] This amount consists of: ($389 - $375 = $14 x 0.30 = $4.20) + ($394 - $380 = $14 x 6.50 = $91.00) + ($409 - $380 = $29 x 8.50 = $246.50).

[5] This amount consists of: ($475 - $390 = $85 x 10.50 = $892.50).

[6] Examples of such billing entries are as follows: 11/5/20: "Draft cover letter for records request…" 11/13/20: "Email and phone call to Cedar's Sinai to follow-up on request for medical records…" 11/25/20 (two entries): "Prepare cover letter; fax to Dr. Ellis…" 6/9/21: "Compare expense spreadsheet provided by client with

4

completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Human. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Human. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although these billing entries are reimbursable, they must be charged at a reduced rate comparable to that of a paralegal. **Accordingly, I reduce the hourly rates for Attorneys Wallace, Gambella, and Mazoff for all tasks considered paralegal in nature to a rate of $162 per hour, respectively**. This further reduces the fees to be awarded herein by **$7,461.20**.[7]

### C. Excessive or Redundant Billing

Besides the above, the fees award must also be reduced for excessive billing related to inter-office communications and redundant billing entries where multiple attorneys and paralegals performed work on the same tasks.

For example, Attorneys Wallace, Gambella, Mazoff, Cox, and paralegals billed over 27.90 hours[8] for internally discussing case matters; performing work on the same

---

actual invoices," 6/10/21 (two entries): "Compare expense spreadsheet provided by W. Riva…" 6/11/21; 7/7/21; 7/8/21 (six entries); 7/9/21: "Prepare and review exhibits…" 12/22/21: "Organize the documentation to be submitted," 12/23/21: "Continue to organize the supporting documentation to be provided to HHS," 12/30/21: Review all additional docs to be sent to opposing counsel…" 3/1/22 (two entries): "Redact client information; Create spreadsheet to detail date of invoice…" 5/18/22: "Prepare a list of the numbered items…" 5/27/22; 5/28/22; 5/31/22 (three entries);  8/24/22; 8/26/22: "Review and outline new records received from Dr. Gindi…" 8/26/22: "Compile packet of medical records…" 8/31/22 (three entries); 9/2/22 (seven entries). *See* ECF No. 57-1 at 9-38.

[7] This amount is calculated as follows: 17.40 hours billed by Attorney Wallace: ($231 - $162 = $69 x 1.00 hrs = $69) + ($241 - $162 = $79 x 9.90 hrs = $782.10) + ($275 - $162 = $113 x 6.50 hrs = $734.50); and 22.80 hours billed by Attorney Gambella: ($380 - $162 = $218 x 19.00 hrs = $4,142.00) + ($394 - $162 = $232 x 3.80 hrs = $881.60); and 4.00 hours billed by Attorney Mazoff: ($375 - $162 = $213 x 4.00 = $852.00) for an overall total of: $7,461.20

[8] Examples of such billing entries include: 10/6/20: "Phone call with J. Wallace regarding petition, affidavit, and exhibits," 10/20/20: "Phone call with J. Wallace regarding new medical providers and HIPPAA Authorizations," 10/22/20 (two entries): "Email exchanges with J. Wallace," 10/27/20; 10/28/20 (two entries); 10/29/20; 3/16/21 (two entries): "Receipt of and response to J. Wallace email regarding notice of filing and exhibit 19," 3/19/21 (two entries); 6/14/21; 6/29/21: "Phone call with D. Gambella about out of pocket expenses," 7/6/21; 7/7/21 (two entries); 7/8/21; 8/17/21; 9/3/21; 9/22/21 (two entries); 9/30/21 (two entries); 5/27/22 (two entries); 7/27/22: "Phone call with D. Mazoff…"  7/28/22 (six entries); 8/3/22 (three entries); 8/4/22; 8/12/22; 8/25/22; 8/26/22: "Draft email to J. Wallace," 8/31/22: "draft email to J. Wallace…" 9/2/22; 9/6/22 (six entries); 1/5/23; 1/17/23; 1/18/23; 1/20/23: "Draft motion for redaction…" 1/24/23: "review and revise motion for redaction…" 1/24/23: "review corrections on motion to redact," 1/24/23: "Email with counsel concerning motion to redact," 1/25/23: "revise, finalize and complete motion to redact," 2/14/23;

5

tasks; and multiple attorneys participating in conferences and meetings with Petitioner, resulting in over $10,000.00 in requested fees.

Special Masters have previously reduced attorney fees awarded due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011). The quantity of internal emails and double tasks billed in this matter is deemed excessive and reflects counsel's inexperience in the Vaccine Program. Accordingly, I hereby reduce the request for reimbursement of such excessive billing entries (a total of 27.90 hours, or $10,414.70)[9] by *thirty percent*. This results in an additional reduction in attorneys' fees to be awarded of **$3,124.41**.[10]

## ATTORNEY COSTS

Petitioner requests $1,854.16 in overall costs. ECF No. 57-1 at 48. Such costs are associated with obtaining medical records, postage fees and the Court's filing fee. I have reviewed the requested costs and find the majority of them to be reasonable, with the exception of $335.10 in requested costs that have not been substantiated by any supporting documentation, such as an invoice or proof of payment.[11] *Id.* at 48. When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. *See, e.g., Gardner-Cook*

---

3/15/23 "Email to W. Cox with relevant documents from case…" 3/15-3/16/23: "Draft final fee motion," 3/17/23: "Draft final fee motion," 3/20/23: "Email to J. Wallace with the motion for final fees," 3/27/23: "review and revise motion for final fees," 3/29/23: "finalize final motion for attorney fees," 6/15/23: "review and revise attorney fee motion," 3/29/23: "email to J. Wallace," 3/31/23; 6/9/23 (four entries); 6/13/23; 6/15/23 (two entries); 6/16/23 (three entries). See ECF No. 57-1 at 6-47.

[9] This amount consists of: 9.90 hours billed by Attorney Wallace: ($241 x 1.90 hrs = $457.90) + ($275 x 1.20 hrs = $330.00) + ($285 x 6.80 hrs = $1,938.00); and 6.90 hours billed by Attorney Gambella: ($380 x 2.40 hrs = $912.00) + ($394 x 0.60 hrs = $236.40) + ($409 x 3.90 hrs = $1,595.10); and 3.30 hours billed by Attorney Mazoff: ($375 x 3.10 hrs = $1,162.50) + ($389 x 0.20 hrs = $77.80); and 7.80 hours billed by Attorney Cox: ($475 x 7.80 hrs = $3,705.00) for an overall total of $10,414.70.

[10] This amount is calculated as: ($10,414.70 x .30 = $3,124.41).

[11] Examples of the unsubstantiated costs include: 7/1/20; 7/6/20; 9/22/20; 11/6/20; 12/3/20; 2/1/21. See ECF No. 57-1 at 48-84.

6

*v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). Thus, I disallow such costs reducing the total amount of litigation costs to be awarded by **$335.10.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$80,346.25 (representing $78,827.19 in attorney's fees and $1,519.06 in attorney's costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Jessica A. Wallace.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[12]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[12] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.